IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DILLON GRUNDMAN,

          Petitioner,

v.

DEPARTMENT OF JUSTICE et. al.,

          Respondent.

Case No. 26-CV-00152-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Dillon Grundman is a federal inmate presently housed at Federal Correctional Institution Greenville in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to Section 2241 cases. For the reasons set forth below, the Petition is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2022, Grundman was sentenced to 114 months in prison and three years of supervised release after he pled guilty to possession of a firearm by a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). *United States v. Grundman*, No. 21-CR-02040-001 (N.D. Iowa 2022) (Doc. 51). His sentence was later reduced to 102 months in prison and three years of supervised release. *Id.* (Doc. 63).

Grundman filed the instant Petition for Writ of Habeas Corpus on February

Page 1 of 5

11, 2026, challenging the Bureau of Prisons' ("BOP") assignment of Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") recidivism score points for programs completed and the process to petition the warden to apply earned First Step Act ("FSA") credits. (Doc. 1). First, Grundman argues that prisoners should be able to continue to reduce their PATTERN recidivism score by completing programs throughout the term of their imprisonment, instead of receiving PATTERN recidivism score reductions for only the first eleven programs completed. (*Id.*). Grundman asserts that he has already completed eleven programs, and that due to the structure of the PATTERN recidivism scores, the eleven-program cap prevents him from achieving a low/minimum risk score that would entitle him to earn fifteen days per month of earned time credits and have those credits automatically apply to his sentence. (*Id.*). Instead, as a high recidivism risk inmate, Grundman must petition the warden to apply his credits only after his earned credits equal the time remaining on his sentence. (*Id.*). He argues that this application is contrary to the legislative intent behind the statute. (*Id.*).    Second, Grundman argues that the fact that he can petition the warden for release only every six months during his program reviews and that the warden consults with the regional director is inconsistent with the FSA. (*Id.*).

Grundman acknowledges that he has fewer time credits than the remaining time under his sentence. (*Id.*). He does not ask that he be released, but rather he requests that the Court direct the BOP and the Department of Justice to "fix/correct/amend their polic[ie]s regarding the First Step Act . . . ." (*Id.*).

## DISCUSSION

The Supreme Court has established that habeas petitions are appropriate only where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). A federal inmate may challenge the application of potential sentence credits in the calculation of his or her sentence in a § 2241 petition, *Setser v. United States*, 566 U.S. 231, 244 (2012), but a prisoner has "no constitutional or inherent right" in being released prior to the completion of a valid sentence, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

The FSA delegates to the Attorney General the authority to develop "a risk and needs assessment system" used for the purpose of "determin[ing] the recidivism risk of each prisoner as part of the intake process, and classify[ing] each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a)(1). This assessment system is used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programs and productive activities; (6) determining when to provide incentives and rewards for successful participation in EBRR programs and productive activities; and (7) determining when the inmate is

ready to transfer to pre-release custody or supervised release. 28 U.S.C. § 3632(a).

To be eligible for FSA early release, an inmate must "[have] shown through the periodic risk reassessments a demonstrated recidivism risk reduction or [have] maintained a minimum or low recidivism risk [during the term of imprisonment]." 18 U.S.C. § 3624(g)(1)(B); *see* 28 C.F.R. § 523.44(b). For placement in prerelease custody, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the placement was specifically approved by the cognizant Warden. 18 U.S.C. § 3624(g)(1)(D)(i). In a similar fashion, for early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii).

Because Grundman has a "high" PATTERN score, he can accrue (but not use) FSA time credits to reduce his sentence. (*See* Doc. 1). Instead, he must petition the warden after he has accrued FSA time credits equivalent to the remainder of his sentence. (*See id.*). Grundman argues that BOP is failing to execute the will of Congress in the FSA. (*See id.*).

There is, however, a critical error with this argument. Although the Supreme Court has stated that state statute-mandated time credits create a liberty interest, "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The FSA establishes only that prisoners can earn good-time credits; it does not establish that good-time credits are statutorily *required.* The FSA good-time credit system is executed in

accordance with regulations promulgated by BOP in the Federal Register. FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) (to be codified at 28 CFR pts. 523, 541). As the Department of Justice has authority to establish regulations to implement the FSA in BOP, both usage of PATTERN as one of the factors considered in award of FSA time credits and the petition system for high-risk offenders to receive their good time credits are reasonable. Grundman, thus, does not have a constitutionally protected liberty interest that is cognizable in a § 2241 petition.

## CONCLUSION

For the reasons set forth above, Grundman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED** and this case is **DISMISSED with PREJUDICE** as it plainly appears that he is not entitled to relief. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   April 10, 2026**

> **s/ *Stephen P. McGlynn***
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**